IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIE L. VORWERCK,                          :

            Plaintiff,                      :     Case No. 3:11cv375

     vs.                                    :     JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,  :

            Defendant.                      :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC.
#14) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANT COMMISSIONER, VACATING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE
DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF
42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS
SET FORTH HEREIN; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On July 6, 2012, the United States Magistrate Judge filed a

Report and Recommendations (Doc. #13), recommending that the Commissioner's

decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the

Social Security Act be affirmed.  Based upon a thorough de novo review of this Court's

file, including the Administrative Transcript (Doc. #9), and a thorough review of the

applicable law, this Court rejects the aforesaid Report and Recommendations in their

entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against

the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff

was not disabled and, therefore, not entitled to benefits under the Social Security Act

was not supported by substantial evidence.   Accordingly, the Commissioner's decision

of non-disability is vacated, and the captioned cause remanded to the Defendant

Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further

administrative proceedings set forth herein.  The Plaintiff's Objections to the Magistrate

Judge's Report and Recommendations (Doc. #14) are sustained.  Accordingly, the

decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore

not entitled to benefits under the Social Security Act is vacated, and the captioned cause

remanded for further administrative proceedings.

    In reviewing the Commissioner's decision, the Magistrate Judge's task is to

determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).

Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the

Magistrate Judge's Report and Recommendations, is required to make a de novo review

of those recommendations of the report to which objection is made.  This de novo

review, in turn, requires this Court to re-examine all the relevant evidence, previously

reviewed by the Magistrate Judge, to determine whether the findings of the Secretary

[now Commissioner] are supported by "substantial evidence."  Lashley v. Secretary of

Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of

Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole

function is to determine whether the record as a whole contains substantial evidence to

support the Commissioner's decision.  The Commissioner's findings must be affirmed if

they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra.  The findings of the Commissioner of Social Security and

-3-

proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In this Court's opinion, the Administrative Law Judge failed to follow the Treating Physician Rule, by failing to properly follow the standards required by the Regulations of the Defendant Commissioner, with the result that the decision of non-disability is not based upon substantial evidence. Moreover, the Administrative Law Judge failed to properly evaluate the Plaintiff's credibility, as a result of which, together with the failure to properly follow the Treating Physician Rule, the hypothetical question to the Vocational Expert was improperly framed, thus causing the answer to same to be based upon evidence that is not substantial.

2. Given that proof of disability in the captioned cause is not ovewhelming and, moreover, that factual issues remain to be resolved, a remand for further administrative proceedings, rather than one for the payment of benefits, is warranted. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #14) are sustained. Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, under the Fourth Sentence of 42 U.S.C. § 405(g), for further administrative proceedings, to wit:  to properly evaluate all evidence of record, as well as any evidence that might be offered by either party, in documentary form or by examination and evaluation, in order to determine Plaintiff's disability, within the meaning of the Social Security Act, within the period in question; to determine the proper onset date (Plaintiff initially alleged 2001, but at her administrative hearing, she seemed to "peg" that onset date as April, 2004, when she had significant surgery); and to properly evaluate the evidence of record in light of a recently decided case from the United States Court of Appeals for the Sixth Circuit, a decision unavailable to the Administrative Law Judge and to the Magistrate Judge at the time of his Report and Recommendations, Charles Gayheart v. Commissioner of Social Security, Court of Appeals Case No. 12-3553, decided March 12, 2013.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


March 21, 2013

_____

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT


Copies to:

Counsel of record

-6-